UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES LEE WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:06-1199 |
| ) | Judge Nixon |
| GLEN TURNER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT and RECOMMENDATION

For the reasons explained below, the undersigned **RECOMMENDS** that the petitioner's petition for federal *habeas corpus* relief under 28 U.S.C. § 2254 be **DENIED** as time barred and that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability (COA) **NOT** issue.

## INTRODUCTION
## and
## BACKGROUND

The petitioner, proceeding *pro se*, is a prisoner in the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. He brings this action seeking federal *habeas corpus* relief under 28 U.S.C. § 2254. The petitioner names Glen Turner, Warden at HCCF, as the respondent.

The petitioner pled guilty in the Davidson County Criminal Court to six (6) counts of child rape, two (2) counts of rape without consent, and was sentenced to twenty (20) years in the Tennessee Department of Correction. (Docket Entry No. 1, ¶¶ 1, 3, 5-6, p. 1) Judgment entered on February 6, 2004.[1] (Docket Entry No. 1, ¶ 2(a), p. 1) The petitioner did not appeal his convictions. (Docket Entry No. 1, ¶ 8, p. 3)

---

[1] The petitioner asserts that judgment entered on December 5, 2003. (Docket Entry No. 1, ¶ 2(a), p. 2) The copies of the judgments provided by the respondent establish that judgment actually entered on February 6, 2004. (Docket Entry No. 11, Add. 5, Attach. Judgments)

The petitioner filed a petition for state post-conviction relief on April 13, 2004.[2] (Docket Entry No. 1, ¶ 11(a)(2); Docket Entry No. 11, Add. 2, Add. 5, p. 1) However, he struck his petition in open court on August 19, 2004. (Docket Entry No. 1, ¶ 11(a)(7); Docket Entry No. 11, Add. 2, Add. 5, p. 1)

It appears from the scant record available[3] that the petitioner filed a second petition for post-conviction relief on February 7, 2005. (Docket Entry No. 1, ¶ 11(b), p. 4; Docket Entry No. 17, Add. 8-9) Treating the petitioner's second petition as a motion to reopen the petition that he struck on August 19,[4] the post-conviction court denied the motion on March 10, 2005. (Docket Entry No. 1, ¶ 11(b)(8); Docket Entry No. 11, Add. 2, Add. 5, p. 1) The petitioner did not appeal.[5] (Docket Entry No. 11, Add. 5, p. 1)

The petitioner filed a third petition for post-conviction relief on April 20, 2005. (Docket Entry No. 1, ¶ 11(c), p. 5; Docket Entry No. 11, Add. 4, p. 2) The post-conviction court denied the petitioner's third petition on May 13, 2005 finding that "the petitioner's third petition [wa]s . . . an appeal of the order entered in April [that he] failed to timely file . . . in the correct court for an appeal." (Docket Entry No. 1, ¶ 11(c)(8), p. 5; Docket Entry No. 11, Add. 2, Add. 5, p. 1) The

---

[2] The petitioner asserts that he filed his petition for post-conviction relief on April 13, 2004. (Docket Entry No. 1, ¶ 11(a)(3), p. 4) The respondent asserts that the petitioner filed his post-conviction petition on April 20, 2005. (Docket Entry No. 10, p. 1) The record shows that the petitioner filed this post-conviction petition on April 13, 2004. (Docket Entry No. 11, Add. 2, Add. 5, p. 1)

[3] The respondent has provided all records available of the state proceedings pertaining to this action. (Docket Entry No. 18-19) However, major portions of the record of the state proceedings could not be located either by the State Attorney General's Office or the Tennessee Court of Criminal Appeals (Court of Criminal Appeals). (Docket Entry No. 18-19)

[4] The record does not reveal why the post-conviction court treated the second petition as a motion to reopen. However, under Tennessee law, a state prisoner is limited by statute to filing a single petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). Tenn. Code Ann. § 40-30-117 provides four (4) grounds under which a previous petition for post-conviction relief may be reopened. *Id*. at (a)(1)-(a)(4).

[5] The petitioner asserts that he appealed each time he was denied relief. (Docket Entry No. 1, ¶¶ 11(d)(1)(3), p. 5) The record shows that he did not appeal the post-conviction court's disposition of his second petition. (Docket Entry No. 11, Add. 5, p. 1)

2

petitioner appealed. (Docket Entry No. 11, p. 1)

On appeal, the Court of Criminal Appeals determined the following regarding the third petition: 1) it could not be construed as a motion to reopen the first petition because it "fail[ed] to assert one of the statutory grounds for reopening a petition for post-conviction relief"; 2) it was untimely under Tennessee's Post-Conviction Act when viewed as an initial petition for post-conviction relief, *i.e.*, as if the first petition had never existed; and 3) none of the statutory exceptions to the statute of limitations was applicable that would permit him to file his petition late. (Docket Entry No. 11, Add. 5, pp. 1-2) The petitioner sought permission to appeal in the Tennessee Supreme Court. (Docket Entry No. 11, Add. 6) His application was denied on May 1, 2006. (Docket Entry No. 11, Add. 7)

The district court received the petitioner's petition for federal *habeas corpus* relief on October 30, 2006[6] (Docket Entry No. 1), following which the respondent moved on February 23, 2007 to dismiss the petition as untimely (Docket Entry No. 9). The petitioner responded to the respondent's motion to dismiss, arguing that his petition is not untimely because the one-year limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) had not yet run when he filed his petition for federal *habeas corpus* relief. (Docket Entry No. 12-13) This action was referred to the undersigned on March 30, 2007 "for proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B) and Rule 304, L.R.M.P." (Docket Entry No. 14)

## ANALYSIS

The AEDPA was enacted in 1996. Under the AEDPA, prisoners whose convictions become final after April 24, 1996 have one year within which to file a petition for a writ of *habeas corpus*

---

[6] The petition is stamped on the back as having been received in the district court on October 30, 2006. However, the petitioner's application to proceed *in forma pauperis* was denied on November 13, 2006, and he was directed to pay the five dollar ($5.00) filing fee. *Wilson v. Turner*, No. 3:06mc0130 (M.D. Tenn.)(Campbell, J.). The instant case was opened on December 13, 2006 after the petitioner paid the filing fee.

3

("one-year limitations period"). *See Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000), *cert. denied*, 531 U.S. 1201 (2001). The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); *see Isham*, 226 F.3d at 693. "Properly filed" means that the petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000); *see Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

Provided that a state post-conviction petition is properly filed, the petition will toll the one-year limitations period. *Id.* However, "any lapse of time before a state application is properly filed will be counted against the one-year limitations period." *Bradford v. Lazaroff*, No. 01-3648, 2002 Westlaw 1315608 at *2 ((6th Cir. Ohio))(citing *Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)). When the state proceeding that tolled the one-year limitations period concludes, it resumes at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). The one-year limitations period also is tolled during the ninety (90) days within which a petitioner may file for a writ of *certiorari* in the United States Supreme Court on direct review, whether he does or not. *Clay v. United States*, 537 U.S. 522, 527-528 (2003); *Isham*, 226 F.3d at 695. However, the 90-day period during which the petitioner may file for a writ of *certiorari* in the United States Supreme on post-conviction does not toll the one-year limitations period. *Lawrence v. Florida*, __ U.S. __, 127 S.Ct. 1079, 1081, 1083 (2007).

Although the AEDPA does not expressly define when a conviction becomes "final," the Sixth Circuit treats convictions as "final" at the conclusion of direct review. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). As a general rule, a trial court's judgment in Tennessee becomes final thirty (30) days after its entry unless timely notice of appeal or a specified post-trial motion is filed. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *See also State v.*

4

*Hamlin*, 655 S.W.2d 200, 202 (Tenn. Crim. App. 1983).

Judgment entered against the petitioner on February 6, 2004. Because he did not appeal, judgment became final for federal *habeas corpus* purposes on Monday, March 8, 2004.[7] Moreover, because the petitioner did not appeal to the Tennessee Supreme Court, the one-year limitations period was not tolled for the 90 days provided under *Clay* and *Isham* because there was no judgment of the State's highest court from which to seek a writ of *certiorari*. Therefore, thirty-five (35) days of the one-year limitations period ran after judgment became final on March 8, 2004 and when the petitioner filed his first petition for post-conviction relief on April 13, 2004.

The record shows that the petitioner voluntarily struck his first post-conviction petition on August 19, 2004. Under Tennessee law, the petitioner had thirty (30) days after he struck his petition to move to reinstate it, *i.e.*, until September 20, 2004,[8] otherwise any post-conviction remedies were waived. *See Pike v. State*, 164 S.3d 257, 265-267 (Tenn. 2005). The record shows that the petitioner took no action until February 7, 2005 when he filed his second petition for post-conviction relief. Between September 20, 2004 and February 7, 2005, one hundred thirty-eight (138) more days passed during which the one-year limitations period was not tolled, bringing the total to one hundred seventy-three (173) days (35 days + 138 days = 173 days).

The petitioner's second petition, construed as a motion to reopen his original petition, was denied on March 10, 2005. Under Tenn. Code Ann. § 40-30-117, the petitioner had ten (10) days to appeal the post-conviction court's Order denying his motion to reopen. *Id.* at § (c); *see e.g., Carey v. Saffold*, 536 U.S. 214, 219-220 (2002); *Bronaugh*, 235 F.3d at 284-285. Under § 40-30-

---

[7] In a later opinion, the Tennessee Court of Criminal Appeals (Court of Criminal Appeals) establishes March 8, 2004 as the date that judgment became final in the petitioner's criminal case.

[8] Under Tennessee law, the time within which any act provided by law is computed by omitting the first day and including the last day, unless the last day falls on a Saturday, Sunday, or legal holiday, in which case, the last day is computed as the next day regular working day. Tenn. Code Ann. § 1-3-102. Here, the thirtieth day fell on a Saturday. Therefore, the petitioner had until the next working day – Monday, September 20, 2004 – to bring an appeal.

5

117, the petitioner had until Monday, March 21, 2005 to file an appeal, during which eleven (11) days the one-year limitations period was tolled.[9] Instead of appealing, the petitioner filed his third petition on April 20, 2005.

If a petition for post-conviction relief is untimely under state law, then the petition does not toll the statute of limitations. *Pace v. DeGuglielmo*, 544 U.S. 413-415 (2005). Thus, the question at this juncture is whether the petitioner's third petition was timely.

In considering the petitioner's third petition in the context of an original petition, *i.e.*, as if the petitioner had never filed the petition that he struck, the Court of Criminal Appeals determined that the third petition was untimely under Tenn. Code Ann. § 40-30-102(a). (Docket Entry No. 11, Add. 5, pp. 1-2) Under the Tennessee statute, a prisoner must file a petition for post-conviction relief within one year of judgment becoming final on direct review. Tenn. Code. Ann. § 40-30-102(a). As previously established, judgment in the petitioner's case became final on March 8, 2004. Therefore, under Tenn. Code Ann. § 40-30-102(a), the petitioner had one year from that date to file a post-conviction petition. The petitioner filed his third petition on April 20, 2005, nearly one and one-half months after the one-year statute of limitations under § 40-30-102(a) had run. Consequently, the one-year limitations period was not tolled on April 20, 2004 when the petitioner filed that petition.

Because the third petition had no tolling effect, the one-year limitations period ran from March 22, 2005, the day after the last day that he could appeal the post-conviction court's March 10, 2005 Order, until the day before he submitted his petition for federal *habeas corpus* relief on October 30, 2007, a period of five hundred eighty-seven (587) days. Giving the petitioner credit for filing his petition for federal *habeas corpus* relief on October 30, 2006, the petitioner filed the

---

[9] The tenth day fell on a Sunday. Therefore, under Tenn. Code Ann. § 1-3-102, the petitioner had until the next day – Monday, March 21, 2005 – to appeal the post-conviction court's ruling.

instant action three hundred ninety-five (395) days – more than a year – beyond the one-year limitations period (35 days + 138 days + 587 days - 365 days = 395 days).

Even if filing the third petition had tolled the one-year limitations period, the instant petition still was filed late. As previously established, the petitioner had until March 21, 2005 to appeal the post-conviction court's March 10, 2005 denial of his motion to reopen his first post-conviction petition. Instead of perfecting an appeal, however, the petitioner filed a third post-conviction petition on April 20, 2005. During the twenty-nine (29) days prior to filing his third post-conviction petition, the one-year limitations period was not tolled.

The post-conviction court denied the petitioner's third petition on May 13, 2005, following which the Court of Criminal Appeals affirmed the post-conviction court's judgment, and the Tennessee Supreme Court denied his application on May 1, 2006. Because the one-year limitations period is not tolled for the 90 days on post-conviction during which the petitioner could have sought a writ of *certiorari* in the United States Supreme Court, the one-year limitations period was not tolled during the one hundred eighty-one (181) days between the time the Tennessee Supreme Court denied his application for permission to appeal on May 1, 2006 and October 30, 2006 when the court received his petition. In other words, even if the petitioner's third petition tolled the one-year limitations period, he still brought this action eighteen (18) days late (35 days + 138 days + 29 days + 181 - 365 days = 18 days).[10]

For the reasons explained herein, the petitioner's petition for federal *habeas corpus* relief is untimely.[11] Of course, the one-year limitations period expressed in § 2244(d)(1) does not operate

---

[10] The 17-day late figure assumes that the petition was "properly filed" on October 30, 2006 when the district court received it. However, the petition was not "properly filed" under *Artuz* and *Vroman* until December 13, 2006 when he paid the filing fee. Accordingly, his petition actually was fifty-four (54) days late.

[11] The petitioner twice makes reference to having filed a petition for state *habeas corpus* relief in the Hardeman County Circuit Court on September 13, 2006. (Docket Entry No. 1, ¶¶ 12, Grounds One and Two (e), pp. 7, 9)

7

as a jurisdictional bar to *habeas corpus* petitions and it may be tolled for equitable reasons under exceptional circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citing *Dunlap*, 250 F.3d at 1001).

In *Dunlap*, the Sixth Circuit held that equitable tolling was applicable to *habeas corpus* petitions under the AEDPA. However, the Sixth Circuit also has held that equitable tolling was appropriate only after the court has properly considered and balanced the factors set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988) unless there is congressional authority to the contrary. *Dunlap,* 250 F.3d at 1009. The factors to be considered under *Andrews* are: 1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008; *see Andrews*, 851 F.2d at 151. The five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). As to the fourth factor, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine. . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Finally, equitable tolling for *habeas corpus* petitions should be "applied sparingly." *Dunlap*, 250 F.3d at 1008.

The petitioner does not argue that the one-year limitations period should be tolled for

---

According to the petition, his state *habeas corpus* petition was denied on September 19, 2006. The late date of this filing, and the short duration of those proceedings, would have no effect on the timeliness analysis in this action.

8

equitable reasons, nor can such an inference be liberally construed from the petition or any other documents filed by the petitioner. On the contrary, the petitioner maintains that his petition is timely. (Docket Entry No. 12-13) Because the petitioner does not argue that the one-year limitations period should be equitably tolled, the undersigned concludes that equitable tolling is not warranted. Accordingly, the petitioner's petition for federal *habeas corpus* relief should be denied as time barred and this action dismissed.

Certificate of Appealability

Where, as recommended here, a *habeas corpus* petition is denied on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a COA will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not find it debatable that the recommended procedural ruling is correct, a COA should not issue.

**CONCLUSION**

For the reasons explained above, the undersigned **RECOMMENDS** that the petitioner's petition for federal *habeas corpus* relief under 28 U.S.C. § 2254 be **DENIED** as time barred and that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that a COA **NOT** issue.

Under Rule 72(b), Fed. R. Civ. P., parties shall, within ten (10) days after being served with a copy of this Report and Recommendation, serve and file specific, written objections to the findings and recommendation proposed herein. Parties shall respond to another party's objections to this Report and Recommendation within ten (10) days after being served with a copy thereof. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111

(1986).

    **ENTERED** this  10th  day of July, 2007.

                                         s/ John S. Bryant
                                         John S. Bryant
                                         Magistrate Judge