# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES LEE WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:06-1199 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Bryant |
| GLEN TURNER, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Pending before the Court is Petitioner Charles Lee Wilson's ("Petitioner" or "Wilson") *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (Doc. No. 1). Petitioner names Glen Turner, Warden at Hardeman County Correctional Facility, where Wilson is housed, as the Respondent. Respondent filed a Motion to Dismiss the Petition as Untimely (Doc. No. 9), and Petitioner filed a Response. (Doc. Nos. 12, 13). Magistrate Judge Bryant issued a Report and Recommendation ("Report") that the Petition be denied as time-barred, the action be dismissed, and that a Certificate of Appealability not be issued. (Doc. No. 21). Petitioner filed timely Objections to the Report. (Doc. No. 23).

## I. DISCUSSION

Petitioner pled guilty in the Davidson County Criminal Court to six (6) counts of child rape and two (2) counts of rape without consent. Consequently, he was sentenced to twenty (20) years in the Tennessee Department of Correction. (Doc. No. 1).

## A. Standard of Review

When a party makes a timely objection to a Report and Recommendation, this Court must conduct a *de novo* review of those portions of the Report to which objection is made. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

## B. Petitioner's Objections

Although Petitioner previously argued that his Petition was not time-barred (see Doc. Nos. 12, 13), he concedes in his Objections to the Magistrate's Report that he is in fact time-barred. (Doc. No. 23). Petitioner, nonetheless, argues that this Court should "allow the proceedings to move forward" and consider Petitioner's constitutional claims based on actual innocence. Specifically, Petitioner argues that law enforcement agents violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and that his confession was not voluntary. In support of his Objection, Petitioner cites two cases: Schlup v. Delo, 513 U.S. 298 (1995) and Sawyer v. Whitley, 505 U.S. 33 (1992). Because Petitioner concedes that he is time-barred, the sole issue before the Court is whether Petitioner has provided a basis for the Court to equitably toll the statute of limitations.[1]

## C. Analysis

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004) (citation omitted). In

---

[1] The Magistrate Judge thoroughly examined the parties' arguments in reaching his conclusion that the Petition is untimely under the one-year limitations period contained in 28 U.S.C. § 2244(d)(1). (Doc. No. 21). Therefore, the Court **ADOPTS** that portion of the Magistrate's Report that finds that Petitioner is time-barred under 28 U.S.C. § 2244, and incorporates the analysis into this Order.

2

Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate." Relying on Schlup, the Souter court ruled that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." Souter, 395 F.3d at 602. To pass through this "gateway" exception a habeas petitioner must support his allegations of actual innocence "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." See Harvey, 179 Fed. App'x at 297-98 (citing Schlup, 513 U.S. at 324)).

In support of his argument that the writ should be granted despite being time-barred, Petitioner states that detectives in his case coerced him into making statements he otherwise would not have made. (Doc. No. 23). However, the Court finds that a mere reference to actual innocence fails to meet the standard enunciated in Souter. Petitioner offers no new evidence to support his claim of actual innocence. In fact, Petitioner does not assert that he is innocent of the crimes for which he was convicted.[2] Rather, Petitioner appears to argue that his confession should have been suppressed due to a Miranda violation, in which case Petitioner would not have pled guilty to the charges. However, Petitioner has not proved, or alleged, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, and

---

[2] In his Application for Permission to Appeal from the Judgment of the Court of Criminal Appeals, filed in the Supreme Court of Tennessee on February 24, 2006, Petitioner stated that he "did not have sex with the alleged victim when she was under the age of thirteen." (Doc. No. 11 Add. 6 at 4). However, this is the only reference in the available record to Petitioner's innocence.

3

thus may not pass through the "gateway" exception to have his constitutional claims considered.[3]

### D. *Certificate of Appealability*

Where, as here, a habeas corpus petition is denied on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a Certificate of Appealability ("COA") will issue only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because jurists of reason would not find it debatable that the procedural ruling is correct, a COA shall not issue.

## II. CONCLUSION

Accordingly, Petitioner's petition for federal habeas corpus relief is **DENIED** as time barred and this action is **DISMISSED**. In addition, the Court finds that a Certificate of Appealability shall **NOT ISSUE**. Finally, the Court **DENIES as moot** Petitioner's Motion for

---

[3] If a petitioner fails to make a showing of actual innocence sufficient to meet the standard enunciated in Souter, a court may still equitably toll the limitations period based on the factors enunciated in Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001). Harvey v. Jones, 179 Fed. App'x. 294 (6th Cir. 2006). However, because Petitioner does not argue that the one-year limitations period should be equitably tolled on the basis of any of the Dunlap factors, the Court concludes that equitable tolling is not warranted. See Dunlap, 250 F.3d at 1008 (equitable tolling should be applied sparingly).

4

Appointment of Counsel. (Doc. No. 8).

It is so ORDERED.

Entered this the \_\_\_20th\_\_\_ day of \_\_\_November\_\_\_, 2007.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

5